IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRI-MOTOR LLC,

      Plaintiff/Counter Defendant,

vs.                                                     CIVIL NO.  11-497 JC/LFG

CITY OF ALBUQUERQUE, JACK
SCHERER and MICHAEL R. MEDLEY,

      Defendants.

CITY OF ALBUQUERQUE,

      Counter Claimant.

## ORDER DENYING DEFENDANTS'
## MOTION TO COMPEL AND EXTEND AS UNTIMELY

      THIS MATTER is before the Court on Defendants' Motion to Compel and to Extend Local Rule Deadline [Doc. 67].  The Court considered the motion, response [Doc. 71] and reply [Doc. 74]. Oral argument is not necessary.

      Plaintiff Tri-Motor, LLC ("Tri-Motor") asserted a damage claim against Defendants.  Thus, Defendants were entitled to discover evidence relevant to Tri-Motor's claim for damages.  This includes discovery of tax returns as they would be relevant to substantiate or refute the damage claim.  *See* Fed. R. Civ. P. 26(b).  However, Tri-Motor objected to the production and declined to produce the requested information.

      Attempts by the parties to resolve the dispute failed, as Tri-Motor stood on its objections. Defendants did not file their motion to compel within the time limits required by law, and Tri-Motor now argues that the motion is untimely pursuant to the district's local rules.

## Analysis

D.N.M.LR-Civ. 26.6 provides:

> Objections to Discovery.  A party served with objections to:
> - an interrogatory;
> - request for production or inspection; or
> - request for admission
>
> must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed.
>
> * * *
>
> Failure to proceed within this time period constitutes acceptance of the objection.  For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

Pursuant to this rule, Defendants were required to file their motion to compel within twenty-one days from receipt of the objection.  Thus, the deadline for filing the motion was December 1, 2011.  Defendants could have secured Tri-Motor's agreement to extend the time limit within which to file the motion to compel if the parties were working toward a resolution or, alternatively, could have requested that the Court extend the time limit.

It does not appear that either of those options were followed.  Instead, Defendants filed their motion to compel on December 14, 2011, thirteen days after the deadline.

Defendant ask the Court to exercise its equitable authority and overlook the expired deadline, arguing that the interests of justice compel a ruling on the merits.  [Doc. 67 at 4) (*citing* Segarra v. Potter, 2004 WL 3426438 (D.N.M. Apr. 5, 2004)).  Segarra is distinguishable.  The court determined in that case that there was some question as to whether counsel believed the other party was working out the dispute.  The non-movant's attorney may also not have kept his promise to cooperate.  Id. at *3.  Such are not the circumstances here.

In addition, the federal rules provide that a request for an extension must be filed prior to the expiration of the original deadline within which to act, unless the party demonstrates excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is not shown nor has any other good cause been shown to justify the delay. Tri-Motor simply argues that a deposition of one of his principals was scheduled, and Defendants opted to "test the objection" at the upcoming deposition. This was a conscious choice, and Defendants chose to disregard the local rule and allow the deadline to expire.

Therefore, the Court concludes that Defendants' motion is untimely DENIES the request.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge